# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CHRISTOPHER WILLS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-2458 (RMU) |
| | : | | |
| v. | : | Re Document No: | 49 |
| | : | | |
| CHARLES ROSENBERG, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION FOR RELIEF UPON RECONSIDERATION; DENYING THE PLAINTIFF'S ALTERNATIVE REQUEST TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

This matter comes before the court on the *pro se* plaintiff's motion for relief upon reconsideration. The plaintiff, an inmate at the United States Penitentiary-Canaan in Waymart, Pennsylvania, alleges that the defendants violated his Fourth and Fifth Amendment rights by conspiring to have him wrongfully convicted. *See generally* Compl. In December 2009, he commenced this action against a variety of people, including some employees of the Federal Bureau of Investigations or the Department of Justice, federal prisoners, Fairfax County Police Department employees in Virginia, and Washington, D.C. or Virginia residents, asserting claims under both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Compl. ¶¶ 1, 2.[1]

In February 2010, some of the defendants filed a motion to dismiss for lack of proper venue, and other defendants filed the same two months later. *See* Cnty. Defs.' Mot. to D.; Fed.

---

[1] The plaintiff divides his complaint into three sections and restarts the paragraph numbers after each section. *See generally* Compl. For the sake of clarity, the court refers to the paragraphs as if the plaintiff had numbered them sequentially throughout the entire complaint.

Defs.' Mot. to D. On September 7, 2010, the court granted the motions and transferred this case to the Eastern District of Virginia. *See generally* Mem. Order (Sept. 7, 2010). The court determined that transfer of venue was proper because a substantial part of the events alleged by the plaintiff occurred in the Eastern District of Virginia. *Id.* at 3. The plaintiff now seeks relief upon reconsideration of that order. *See generally* Pl.'s Mot. for Recons.

In this motion, the plaintiff argues that the court incorrectly decided to transfer his case to another jurisdiction because it overlooked a number of relevant factual allegations.[2] *See* Pl.'s Mot. at 3-4. More specifically, the plaintiff alleges that the defendants committed a number of acts within the District of Columbia, including: entering into a conspiracy, stalking the plaintiff, engaging in illegal surveillance, soliciting false testimony, denying the plaintiff's Freedom of Information Act requests and generally suppressing the truth of their illegal acts in furtherance of their conspiracy. *See id.* In response, the defendants contend that this court has already conducted the relevant analysis and has properly concluded that the majority of the defendants' purportedly unconstitutional acts occurred in the Eastern District of Virginia. Defs.' Opp'n at 3-4.

A court's decision to transfer a case to a different venue is interlocutory in nature. *Ukiah Adventist Hosp. v. Fed. Trade Comm'n*, 981 F.2d 543, 547 (D.C. Cir. 1992). A district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating

---

[2] Alternatively, the plaintiff requests that the court "delay the transfer" of this case and grant him "permission to petition for mandamus *in forma pauperis* to vacate the transfer order." *See generally* Pl.'s Mot. With respect to the plaintiff's request to appeal *in forma pauperis*, the plaintiff has failed to provide any information in the form of an affidavit that would allow the court to determine if he should be permitted to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. Accordingly, the court denies the plaintiff's motion to appeal *in forma pauperis*. The court will, however, order that the Clerk of the Court delay the transfer of the plaintiff's case for thirty days to allow him time to file a proper *in forma pauperis* request and a subsequent appeal. *See Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974) (holding that "a twenty-day period for a response would be adequate in almost all cases" to allow a prisoner to appeal a transfer order).

all the claims and the rights and liabilities of all the parties." FED. R. CIV. P. 54(b). Relief upon reconsideration of an interlocutory decision pursuant to Rule 54(b) is available "as justice requires." *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000). The term "as justice requires" involves concrete considerations of whether the court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or [is confronted with a situation] where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (internal citation omitted). These considerations leave a great deal of room for the court's discretion and therefore, the "as justice requires" standard for granting relief upon reconsideration of an interlocutory decision amounts to determining "whether [such relief] is necessary under the relevant circumstances." *Id.*

The court has reviewed the plaintiff's filings and concludes that there is no reason to disturb its prior judgment. The gravamen of the complaint, namely that the defendants presented false statements and fabricated evidence to the grand jury and at the plaintiff's trial, stems from acts that occurred in Virginia. Mem. Order at 3 (Sept. 7, 2010). Indeed, the vast majority of the events that are described in the plaintiff's claim – including the plaintiff's arrest, photo identification, arraignment, imprisonment, re-arrest, detention and trial – also occurred in Virginia. *Id.* at 7-10. As previously discussed, *see* Mem. Order (Sept. 7, 2010), venue is therefore proper in the Eastern District of Virginia because "a substantial part of the events or omissions giving rise to the claim occurred" in that jurisdiction. 28 U.S.C. § 1391(b)(2). The court thus determined that it was "in the interest of justice" to transfer this action to the Eastern District of Virginia. 28 U.S.C. § 1404(a). *See In re Hawkins*, 2003 WL 22794565, at *1 (D.C. Cir. 2003) (affirming the lower court's determination that it was in the interest of justice to transfer venue to the

Southern District of Iowa because a "substantial part of the events or omissions giving rise to the complaint occurred" there). Consequently, the court now sees no reason to set aside its prior ruling transferring this case, and denies the plaintiff's motion for relief upon reconsideration.

For the reasons stated above, the court denies the plaintiff's motion for relief upon reconsideration. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 30th day of September, 2011.

                                                RICARDO M. URBINA
                                               United States District Judge